refused so to charge. The theory upon which the case was tried and submitted was that all of the defendants were warehousemen and equally responsible for the defective construction and insecure condition of the elevator and the safe-keeping of 'the grain. After deliberating for some time, the jury returned into court and inquired whether, if a verdict was found for the plaintiff, it would be directly against the defendants Wheeler, or against the "elevator pool," as the foreman characterized the other defendants. The jury were told in effect that the verdict must be against all the defendants. The jury again retired, and were out all night without agreeing upon a verdict. In the morning they were sent for by the presiding justice, and instructed, without otherwise modifying his charge, that they might bring in a verdict against any or all of the defendants, to which the defendants excepted, and very soon thereafter the jury rendered a verdict of no cause of action in favor of the defendants Wheeler and a verdict for the full value of the grain against the other defendants. The effect of the verdict was to negative all acts of negligence charged against the defendants Wheeler. If that was correct, it is difficult to perceive upon what ground the other defendants could be held liable, since, if the owners were not negligent in constructing the elevator, or in keeping it in proper repair, or in ascertaining its insecure condition, how could it be said that the other defendants were chargeable with negligence in that regard? In view of the allegations of the complaint, the theory upon which the case was submitted, and the evidence in the case, I do not see how the jury could consistently find, or be permitted to find, a verdict in favor of the defendants Wheeler, and not in favor of the other defendants. I think the findings of the jury are so inconsistent, and the verdict so illogical, that it ought not to stand. Hyatt v. N. Y. C. & H. R. R. R. Co., 6 Hun, 306; Gray v. Brooklyn Heights R. R. Co., 72 App. Div. 454, 76 N. Y. Supp. 24; People v. Munroe, 190 N. Y. 436, 83 N. E. 476. I think the verdict should be set aside, and a new trial granted.

---

BULLOCK, Appellant, v. TRUSTEES OF DIOCESE OF ALBANY et al., Respondents. (Supreme Court, Appellate Division, Third Department. March 11, 1908.) Action by Susan T. Bullock against the trustees of the diocese of Albany and Christ Church. No opinion. Order affirmed, with $10 costs and disbursements.

---

BURKARD, Respondent, v. NORWICH BREWING CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March 25, 1908.) Action by Louis Burkard against the Norwich Brewing Company. No opinion. Judgment affirmed, with costs.

---

BURKE, Appellant, v. OWASCO RIVER RY. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 25, 1908.) Action by Henry C. Burke against the Owasco River Railway Company. No opinion. Order affirmed, with costs.

BURROWS, Respondent, v. ALBRING, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 18, 1908.) Action by James W. Burrows against Riley W. Albring. No opinion. Judgment affirmed, with costs.

---

In re BUTTERWORTH-JUDSON CO. (Supreme Court, Appellate Division, First Department. March 20, 1908.) In the matter of the Butterworth-Judson Company. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

BYRNE, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. February 28, 1908.) Action by Martin Byrne against the Brooklyn Heights Railroad Company. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

BYRNE, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. February 28, 1908.) Action by Margaret Byrne against the city of New York.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulate to reduce the recovery of damages to the sum of $500, in which event the judgment, as modified, and order, are affirmed, with costs.

HOOKER, J., votes for affirmance.

---

CALHOUN v. COMMONWEALTH TRUST CO. (two cases). (Supreme Court, Appellate Division, First Department. March 6, 1908.) Actions by John C. Calhoun against the Commonwealth Trust Company. No opinion. Orders affirmed, with $10 costs and disbursements. Order filed.

---

CALLENDER, Appellant, v. LAUTERBACH, Respondent. (Supreme Court, Appellate Division, First Department. April 10, 1908.) Action by Henry B. Callender against Edward Lauterbach. M. D. Abrams, for appellant. H. Siegrist, Jr., for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

CAMPBELL, Appellant, v. BLACK, Respondent. (Supreme Court, Appellate Division, Fourth Department. March 25, 1908.) Action by Elizabeth J. Campbell against Louis Black. No opinion. The case having been twice passed, the said appeal was in each case dismissed, under rule 39 of the general rules of practice.

---

CANDEE, Respondent, v. CHELSEA REALTY CO., Appellant, et al. (Supreme Court, Appellate Division, First Department. April 10, 1908.) Action by Fernando G. Candee, Jr., against the Chelsea Realty Company, impleaded. W. F. Clare, for appellant. W. F. Peacock, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.